**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**CLARENCE ALVIN WILLIAMS,**

    Petitioner,

vs.                                               Case No. 1:15cv192-MP/CAS

**STATE OF FLORIDA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

On August 27, 2015, Petitioner Clarence Alvin Williams, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner also filed a motion to proceed in forma pauperis (IFP).  Doc. 2.

Petitioner is currently incarcerated at the Suwannee Correctional Institution in Live Oak, Florida, which is located in the Middle District of Florida.  Doc. 1; *see* 28 U.S.C. § 89(b).  Petitioner challenges a state court judgment from the Eighteenth Judicial Circuit Court, Seminole County, Florida, which is also located in the Middle District of Florida.  Doc. 1*; see* 28 U.S.C. § 89(b).

Jurisdiction is appropriate in the district of confinement and the district of conviction.  28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in

district where he was convicted and sentenced or in district where he is incarcerated). Because Petitioner is not confined in this district and his state court conviction is not from a state court in this district, jurisdiction is not appropriate in the Northern District. The petition should be transferred to the United States District Court for the Middle District of Florida, the district of conviction and confinement. *Id.*

It is therefore respectfully **RECOMMENDED** that the case file and any service copies be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 16, 2015.


 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 1:15cv192-MP/CAS